UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THADNISHA MCCANN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-583** |
| **DUMAS WADE, UNITED STATES POSTAL SERVICE, AND XYZ INSURANCE COMPANY** | **SECTION "C" (2)** |

### ORDER AND REASONS

This matter arises out of an alleged automobile accident involving a school bus carrying the Plaintiff and a United States Postal Service 18-wheel tractor trailer operated by Dumas Wade on behalf of Defendant United States Postal Service. Rec. Doc. 1-1. Plaintiff filed a petition for damages on January 10, 2014 in Orleans Parish Civil District Court. *Id.* Defendants removed this action to this Court pursuant to 28 U.S.C. § 2679(d)(2). Rec. Doc. 1. Accordingly, the United States was substituted as a party in place of the truck driver, Mr. Wade. Defendants now move to dismiss this action for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust administrative remedies and the improper naming of the United States Postal Service as a part to this matter. Rec. Doc. 5. Plaintiff has filed no opposition to this motion. For the reasons that follow, defendants' motion will be GRANTED and Plaintiff's complaint will be DISMISSED in its entirety without prejudice.

A motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) should be granted if it appears certain that the plaintiff cannot prove a valid basis for the court's exercise of jurisdiction. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). When considering such a motion, the district court may go beyond the allegations

of the complaint to consider undisputed facts in the record and resolve disputes of fact created by the record. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The party asserting jurisdiction bears the burden of proof on a motion under Rule 12(b)(1). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The Federal Government's sovereign immunity from suit is a matter of jurisdictional concern. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, 127 L. Ed. 2d 308 (1994). The Government's express and unequivocal consent to be sued in the manner in which a suit is brought is necessary for a court to have subject matter jurisdiction over that suit. *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 2096, 135 L. Ed. 2d 486 (1996). The Federal Tort Claims Act (FTCA), constitutes the limited waiver of sovereign immunity that frames the threshold consent inquiry applicable to Plaintiff's Louisiana tort claims. *See Owen v. United States*, 935 F.2d 734, 737 (5th Cir. 1991) ("a state can create a liability scheme, but the threshold inquiry into the scope of the federal government's consent to be sued remains."). Plaintiff's lawsuit runs afoul of two of the FTCA's jurisdictional requirements.

First, a plaintiff must exhaust administrative remedies by presenting the claim to the appropriate federal agency and allowing for a final denial by the agency in writing. 28 U.S.C. § 2675(a); *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981). Pursuant to statute, a claim will only be deemed to have been constructively denied after six months. 28 U.S.C. § 2675(a). Plaintiff presented her claims to the United States Postal Service on September 17, 2013, but filed her claims on January 10, 2014, less than six months later, after failing to receive a written denial of her claims. *See* Decl. of Kimberly A. Herbst, Rec. Doc. 5-2, ¶¶ 3-5. Accordingly, and even assuming that the Postal Service has still failed to issue a written response to Plaintiff's claims, there is no subject

matter jurisdiction in this Court. *See Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) ("An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed."); *Gregory*, 634 F.2d at 204 (holding jurisdictional prerequisites under the FTCA "must exist at the time the complaint is filed").

Second, under the FTCA a plaintiff may not maintain an action against a government agency or the employee directly responsible for his injury. 28 U.S.C. §§ 2679(a), (b)(1). "Thus, an FTCA claim against a federal agency or employee . . . must be dismissed for want of jurisdiction." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *see also Gregory*, 634 F.2d at 204-05. Accordingly, Plaintiff's claims against the United States Postal Service must be dismissed.

Because the Court lacks subject matter jurisdiction over the liability claims against the allegedly insured parties, the Court cannot adjudge the liability of their fictitiously named insurer under any policy found to exist. Plaintiff's claim against XYZ insurer will be dismissed as well.

Accordingly,

IT IS ORDERED that defendants' Motion to Dismiss Plaintiff's Complaint is GRANTED. Rec. Doc. 5. Judgment of dismissal without prejudice shall be entered against plaintiff and in favor of defendants.

New Orleans, Louisiana, this 13th day of May, 2014

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**